IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00518-JLK

WILDEARTH GUARDIANS,

    Plaintiff,

v.

OFFICE OF SURFACE MINING RECLAMATION
AND ENFORCEMENT; AL KLEIN, in his official capacity as Western
Regional Director of U.S. Office of Surface Mining Reclamation and,
Enforcement Denver, Colorado; and KENNETH L. SALAZAR, in his
official capacity as U.S. Secretary of the Interior,

    Defendants.

**SAN JUAN COAL COMPANY'S MOTION FOR LEAVE TO INTERVENE**

    Intervenor-Defendant San Juan Coal Company ("SJCC") hereby moves the Court pursuant to Fed. R. Civ. P. 24 for leave to intervene as a defendant in this action. For the reasons set forth below, SJCC should be permitted to intervene as a matter of right or, in the alternative, permissively. Intervention is necessary to allow SJCC to protect its direct and substantial interests in the January 17, 2008 Decision of the Assistant Secretary of the Interior for Land and Minerals approving a modification to the San Juan Mining Plan authorizing SJCC to pursue underground mining operations in that portion of its San Juan Mine that is subject to Federal Coal Lease NM-99144 the subject of the Petition in this action. In support of this Motion, SJCC states as follows:

1

1.      SJCC operates the San Juan Mine, an underground coal mine operation located near Farmington, New Mexico.  SJCC operates the San Juan Mine pursuant to a permit issued by the State of New Mexico, Mining and Minerals Division, Permit No. 2009-01.  The San Juan Mine currently supplies coal to the San Juan Generating Station ("SJGC"), which in turn supplies power to households, schools, hospitals, and commercial and other customers in New Mexico, California, Arizona, and Texas.  SJCC currently employs more than 460 employees at the San Juan Mine.

2.      In this action, Plaintiffs seek, among other remedies, declaratory and permanent injunctive relief.

3.      While the defendants, Secretary of the Interior Kenneth L. Salazar, and Al Klein, in their official capacities, and OSM have an interest in defending the compliance processes related to the January 17, 2008 Decision, those defendants do not share the same interests as SJCC and do not adequately represent SJCC's interests.  As the mine operator and employer of over 460 employees at the San Juan Mine, SJCC has a significant and independent interest in protecting the value of its on-going mining operations, its existing contractual obligations to provide coal to the SJGC, and its investment at the San Juan Mine.

4.      SJCC should be allowed to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a), and applicable U.S. Court of Appeals for the Tenth Circuit precedent.  Consistent with Rule 24(a), the Tenth Circuit has held that a motion to intervene as a matter of right should be granted where: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject

of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *See San Juan County, Utah v. United States*, 420 F.3d 1197, 1207 (10th Cir. 2005). These requirements are interpreted on a "somewhat liberal line" to allow intervention. *See id*. at 1207.  SJCC's Motion to intervene of right readily satisfies the Tenth Circuit's test.

5. First, SJCC's Motion is timely. Rule 24 does not specify a particular time by which a motion to intervene must be filed. The Tenth Circuit therefore evaluates the timeliness of a motion to intervene "'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir.1984)). This case is still in its earliest stages. The federal Defendants have not yet filed an Answer or other responsive pleading to the Petition for Review of Agency Action ("Petition"), and the administrative record has not been submitted. No Scheduling Conference has been set. On June 3, 2013, this Court entered its Order providing that all Defendants shall have until a date two weeks after a ruling on federal Defendants' planned motion to sever and transfer certain claims to the District of Wyoming to respond to the Petition for Review. Docket No. 14. Thus, SJCC's motion to intervene satisfies Rule 24's timeliness requirement. *See Utah Ass'n of Counties*, 255 F.3d at 1251 (holding intervention timely in light of "the relatively early stage of the litigation and the lack of

3

prejudice to plaintiffs flowing from the length of time between the initiation of the proceedings and the motion to intervene").

6. Second, SJCC has a substantial interest in the subject of the action. An applicant for intervention must claim an interest that is "'direct, substantial, and legally protectable.'" *San Juan County*, 420 F.3d at 1207 (quoting *Utah Ass'n of Counties*, 255 F.3d at 1251). The "interest test is 'primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Id*. (quoting *Utahns for Better Transp. v. United States Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002)). Put simply, the goal of intervention under Rule 24(a)(2) is to allow every party with an interest in the lawsuit to participate directly, so long as their participation does not compromise the integrity of the process. The January 17, 2008 Decision that Plaintiffs challenge in this litigation directly and substantially impacts SJCC's interests. SJCC meets this element of Rule 24. *See also Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1344 (10th Cir. 1978) (holding that a proposed intervenor's interest in a uranium mine license justified intervention).

7. Third, demonstration of the impairment of that interest is a relatively straightforward matter. "'To satisfy [the 'impairment'] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is ***possible*** if intervention is denied. This burden is ***minimal***.'" *San Juan County*, 420 F.3d at 1210 (quoting *Utah Ass'n of Counties*, 255 F.3d at 1253) (emphasis added). As stated in the Advisory Committee Notes on the 1966 amendment to Rule 24, "[i]f an absentee

would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene. . . ." Plaintiffs' Petition represents a direct attack on SJCC's interests. This element of the intervention standard is met.

8. Fourth, the final consideration governing intervention of right is whether "the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). Although "[t]he applicant bears the burden of showing that the existing parties will not adequately represent the prospective intervenors' interest," this burden is, once again, "'minimal.'" *San Juan County*, 420 F.3d at 1211 (quoting *Utah Ass'n of Counties*, 255 F.3d at 1254). "'[T]his showing is easily made when"—as here—"the party upon which the intervenor must rely is the government, whose obligation is to represent not only the interest of the intervenor but the public interest generally, and who may not view that interest as coextensive with the intervenor's particular interest.'" *Id.* at 1212 (quoting *Utah Ass'n of Counties*, 255 F.3d at 1254). In such a situation, the Tenth Circuit has "'repeatedly pointed out that . . . the government's prospective task of protecting not only the interest of the public but also the private interest of the petitioners in intervention is on its face impossible and creates the kind of conflict that satisfies the minimal burden of showing inadequacy of representation.'" *Id.* (quoting *Utahns for Better Transp.*, 295 F.3d at 1117.)

9. For these reasons, SJCC is entitled to intervene as a matter of right.

10. In the alternative, this Court should grant permission for SJCC to intervene pursuant to Fed. R. Civ. P. 24(b) because: (a) this Motion to Intervene is timely; (b) SJCC's claims or defenses in this case will raise common issues of law or fact; (c) SJCC's intervention will not unduly delay or prejudice the rights of the original parties; and (d) SJCC's participation will contribute to a full exposition of the facts and law applicable to this case. *United Nuclear Energy Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (noting that "permissive intervention is a matter within the sound discretion of the district court").

11. Pursuant to Fed. R. Civ. P. 24(c), SJCC's proposed Motion to Sever and Transfer and Answer to Petition for Review are attached as Exhibits 1 and 2, respectively setting forth SJCC's claims and defenses.

12. Consistent with this Court's guidance regarding the duty to confer in advance of filing a motion, counsel for SJCC contacted all other counsel of record regarding SJCC's Motion to Intervene. Counsel for Plaintiff does not oppose this Motion. Counsel for the Federal Defendants stated that the Federal Defendants take no position on this Motion. Counsel for defendants Colowyo Coal Company, LP stated that Colowyo supports this motion and counsel for Trapper Mining stated that Trapper Mining, Inc. does not oppose this Motion.

13. SJCC has reviewed the Court's Order Granting Trapper, Inc.'s motion to intervene [doc. #10] and understands the same requirements will be imposed on SJCC. SJCC will endeavor to comply with such requirements to the best of its ability, but notes that it is Department of Justice policy not to share draft pleadings with third parties.

6

Accordingly, unless an exception to this policy is granted or ordered, SJCC and other intervenors' ability to confer with the Federal Defendants, where intervenors and the Federal Defendants have simultaneous filings, will be constrained.  In that event, SJCC's certification of compliance and any resulting filings will be based on the Federal Defendants' oral representations of their arguments.

This problem can be mitigated by staggering the timing of Federal Defendants' and intervenors' submissions, an approach that SJCC understands has been recently employed to good effect in similar litigation in Wyoming, *see WildEarth Guardians, et al., v. United States Forest Service*, 2:12-cv-00085-ABJ (D. Wyo.).  Should its motion to intervene be granted, SJCC will confer with the other parties and strive to jointly propose a similar mechanism as part of the Rule 16 scheduling process.

WHEREFORE, San Juan Coal Company respectfully requests that the Court enter an order authorizing San Juan Coal Company to intervene as a defendant and granting it such other and further relief as the Court may deem just and proper.

>
> MODRALL, SPERLING, ROEHL, HARRIS
>   & SISK, P.A.
>
> By: */s/ William C. Scott*
>     Walter E. Stern
>     William C. Scott
>     Post Office Box 2168
>     Bank of America Centre
>     500 Fourth Street NW, Suite 1000
>     Albuquerque, New Mexico  87103-2168
>     Telephone: 505.848.1800
>
> ATTORNEYS FOR SAN JUAN COAL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2013, I electronically filed the foregoing **SAN JUAN COAL COMPANY'S MOTION FOR LEAVE TO INTERVENE** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Samantha Ruscavage-Barz
WildEarth Guardians
516 Alto Street
Santa Fe, NM 87501
sruscavagebarz@wildearthguardians.org

James Jay Tutchton
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
jtutchton@wildearthguardians.org

John Most
U.S. Department of Justice-DC-7611
P.O. Box 7611
Environment & Natural Resources Division
Washington, D.C. 20044-7611
John.most@usdoj.gov

Paul M. Seby
Marian C. Larsen
Seby Larsen LLP
165 Madison Street
Denver, CO 80206
Paul.seby@sebylarsen.com
Mimi.larsen@sebylarsen.com

Stephen D. Bell
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202
Bell.steve@dorsey.com
Sinor.scott@dorsey.com

*/s/ William C. Scott*

*Y:\dox\client\14993\0322\DRAFTS\W1904334.DOC*