# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILDEARTH GUARDIANS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civ. No. 1:14-cv-00112-RJ-CG<br>) |
| UNITED STATES OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT *et al.*, | )<br>)<br>)<br>) |
| Federal Defendants, | )<br>) |
| and | )<br>) |
| SAN JUAN COAL COMPANY, | )<br>) |
| Defendant-Intervenor. | )<br>) |

## FEDERAL DEFENDANTS' REPLY BRIEF
## IN SUPPORT OF MOTION FOR VOLUNTARY REMAND

1

## INTRODUCTION

Federal Defendants file this reply in support of their motion for voluntary remand. ECF No. 91. The motion seeks remand of a decision of the Assistant Secretary of the Interior approving Mining Plan Modification No. 2 for the San Juan Mine located in San Juan County, New Mexico. *Id*. at 6 (providing details of the modification). The purpose of remand is to allow the agency to study project impacts in depth by preparing an environmental impact statement ("EIS"), in accord with the National Environmental Policy Act ("NEPA"), and allowing for public participation in the process.

All parties agree that remand for these purposes is appropriate. *See* ECF No. 92 at 1 (Intervenor's joinder); ECF No. 95 at 2 (Plaintiff's response). Plaintiff, however, asks the Court to impose additional constraints, most notably that any remand order operate to effect automatic vacatur of the mining plan approval if OSMRE does not complete the EIS within three years. The Court should reject this and Plaintiff's other requests, chiefly because they require resolution of the case on the merits, which would undermine one of the central objectives of a motion for voluntary remand: judicial economy. To do as Plaintiff suggests, the Court would have to examine the record and consider the merits of the case, at which point it may agree with the merits arguments, standing arguments, or the waiver defenses advanced by Federal Defendants and Intervenor Defendant, the San Juan Coal Company. This of course would obviate the need for a remand – voluntary or otherwise.

Moreover, from a practical standpoint, there is no reason for Federal Defendants to seek voluntary remand if such mandatory terms are imposed because merits briefing is now completed and the only matter remaining in the litigation is the Court's resolution of the parties' claims and defenses.

Accordingly, Federal Defendants ask that the Court enter an order remanding the matter and dismissing it on the specific terms set forth in Federal Defendants' motion for remand, ECF No. 91 at 13, and restated herein.

## ARGUMENT

### 1. Automatic Vacatur is Inappropriate.

As Federal Defendants explained in their opening brief, *id*. at 7-8, courts have long recognized the propriety of voluntarily remanding agency action without judicial consideration of the merits, with or without admission of agency error. *See Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010); *see also Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Salazar ("Coalition")*, No. 07-cv-00876 JEC/WPL, 2009 WL 8691098, at *5 (D. N.M. May 4, 2009) (J. Conway) (declining to rule on the merits and remanding without vacatur). As in *Coalition*, there are sound reasons why the Court should order remand without vacatur in this case.

First, Plaintiff's insistence on automatic vacatur – in a case brought under the Administrative Procedure Act – effectively requires that the Court make a decision on the merits. The APA does not authorize a court to vacate an agency action without first making a determination, based on a review of the record, that the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or that it satisfies one of the other enumerated bases for vacatur. *Id*. §§ 706(2)(B)-(F). Section 706(2) states in plain terms that to "hold unlawful and set aside agency action," *id*. § 706(2), the Court must make one of the enumerated findings. *See id*. §§ 706(2)(A)-(F). Only if the Court does so may it enter an order of vacatur. Thus, in seeking automatic vacatur, Plaintiff effectively demands a decision on the merits, which in turn undermines the objective of preserving the Court's "scarce

3

judicial resources." *Carpenters Indus. Council v. Salazar,* 734 F. Supp. 2d 126, 134 (D.D.C. 2010) (quoting *Ethyl Corp. v. Browner,* 989 F.2d 522, 524 (D.C. Cir. 1993)); *see also Coalition*, 2009 WL 8691098, at *3 (noting that remand avoids "wasting the courts' and the parties' resources") (citations omitted).

Plaintiff's reliance on recent orders of the Districts of Colorado and Montana providing for automatic vacatur if OSMRE does not timely complete required NEPA analysis is unavailing. *See* ECF No. 95 at 3-4 (citing *WildEarth Guardians v. OSMRE*, 104 F. Supp. 3d 1208 (D. Colo. 2015) ("*Guardians I*"); *WildEarth Guardians v. OSMRE*, Nos. CV14-13-BLG-SPW, CV14-103-BLG-SPW, 2016 WL 259285 (D. Mont. Jan. 21, 2016) ("*Guardians II*"). These cases are distinct because the vacatur provisions were imposed only *after* a determination on the merits that OSMRE had violated NEPA. Here, no such determination has been made. Plaintiff cites no authority for vacatur under these circumstances.

Second, the equities favor continued mine operation. As this Court has noted, in deciding whether to remand without vacatur, courts consider the seriousness of the alleged deficiencies in the action, or "the extent of doubt whether the agency chose correctly," as well as "the disruptive consequences of an interim change that may itself be changed." *Coalition*, 2009 WL 8691098, at *3 (quoting *Int'l Union, United Mine Workers v. Federal Mine Safety & Health Admin.*, 920 F.2d 960, 967 (D.C. Cir. 1990)). The alleged deficiencies at issue here are procedural in nature and were apparently not serious enough for Plaintiff to bring them to the agency's attention until five years after the agency action, in 2013, when the original complaint was filed. By comparison, the serious consequences of mine shutdown, safety hazards, employee layoffs, economic losses, and disruption of revenue to the state and federal government weigh strongly against any vacatur, now or in three years. ECF No. 91 at 11-13; ECF No. 92 at 3-5. Plaintiff attempts to

minimize those consequences by claiming no harm will occur in the immediate future. ECF No. 95 at 5. But to those individuals whose livelihood depends on operation of the mine, it is small consolation that disruption of mining, and the various harms to the public interest, may not occur for three years.

Third, there is ample incentive for the agency to complete the EIS in a timely manner. Plaintiff disputes this, claiming "no incentive" exists and that the agency "can delay completion indefinitely." ECF No. 95 at 7. This is incorrect because it ignores the actual terms of remand proposed by Federal Defendants: *viz.*, that the case be dismissed "without prejudice to refiling should OSMRE fail to timely prepare the EIS contemplated herein and issue a new decision." ECF No. 91 at 13. If the Court accepts Federal Defendants' proposed terms, Plaintiff would indeed have recourse should OSMRE not timely act. And this recourse constitutes the incentive Plaintiff claims is lacking. Further, Plaintiff's argument is undermined by its own acknowledgement that OSMRE timely completed the NEPA analysis required in *Guardians I* and is on course to do the same in *Guardians II*. ECF No. 95 at 4.

For all these reasons, the Court should reject Plaintiff's request for automatic vacatur, which would necessitate a ruling on the merits and thus undermine the objective of judicial economy.

**2. A Two-Year Remand Period is Impractical.**

Plaintiff also requests, in the alternative, that if the Court declines to include an automatic vacatur provision in any remand order, then it should impose an expedited two-year timeframe for completion of the EIS. ECF No. 95 at 6-7. The request should be rejected because it is impractical. In suggesting that the EIS could be completed in two years, Plaintiff relies on cases that involved preparation of much less rigorous environmental assessments ("EAs"), not EISs.

As Federal Defendants explained in their opening brief, completion of an EIS for the nearby Navajo Mine, on remand from the District of Colorado, took three years.  ECF No. 91 at 9.  Federal Defendants also noted a 2014 Government Accountability Office (GAO) Report which found that the average length of time for completing an EIS in 2012 was 4.6 years.  *See* ECF No. 91 at 10 (citing GAO-14-369, "National Environmental Policy Act -- Little Information Exists on NEPA Analyses," (April 2014) (http://www.gao.gov/assets/670/662543.pdf)).  Plaintiff's arbitrary request for a two-year deadline ignores these realities and the time and effort required for an EIS of this magnitude.  The request also ignores the more rigorous public participation requirements of an EIS, relative to an EA, the added time needed for the various Federal Register publications required for EISs, and the fact that OSMRE must complete necessary consultation with the U.S. Fish and Wildlife Service under the Endangered Species Act.  *See* ECF No. 91 at 14.  The Court should reject Plaintiff's unworkable deadline and give deference to the agency's thoughtful and careful determination that three years is necessary.

### 3. Plaintiff's Request for "Prevailing Party" Status is Premature.

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also WildEarth Guardians v. U.S. Forest Serv*., 778 F. Supp. 2d 1143, 1152 (D.N.M. 2011) (noting these requirements).  Plaintiff asks the Court to declare it a prevailing party, without a decision on the merits, without consideration of Defendants' standing and waiver arguments, and without an opportunity on the part of Federal Defendants to establish that their positions in the litigation were substantially justified or that special circumstances make a fee award unjust.  The Court should decline Plaintiff's request to prematurely determine this

important question and instead should provide, in any remand order, that Plaintiff may, within the jurisdictional time period set in the statute, file an application for fees and expenses under EAJA.  No declaration of "prevailing party" status is necessary for Plaintiff to seek fees, and Federal Defendants would then have the opportunity to (i) consider a *fully-stated* application for fees; and (ii) either oppose the application or seek a stay of proceedings to allow for settlement negotiations.

## CONCLUSION

For all these reasons, Federal Defendants request that the Court, if it concludes that Plaintiff has standing and that subject matter jurisdiction therefore exists, enter an order that: (i) remands approval of Mining Plan Modification No. 2 to OSMRE for preparation of an EIS and new decision, to be completed within three years from the order's date; (ii) directs that Mining Plan Modification No. 2 remain in full force and effect during the period of remand; and (iii) dismisses this case without prejudice to refiling should OSMRE fail to timely prepare the EIS contemplated herein and issue a new decision.

Respectfully submitted, August 23, 2016,

JOHN C. CRUDEN
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

/s/ John S. Most_____
JOHN S. MOST
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 616-3353
Fax:  (202) 305-0506
John.Most@usdoj.gov

STEVEN C. YARBROUGH

United States Attorney
RUTH F. KEEGAN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 346-7274
Ruth.F.Keegan@usdoj.gov

*Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record, this 23rd day of August, 2016.

                                               /s/ John S. Most_____
                                               JOHN S. MOST
                                               U.S. Department of Justice